# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ANTONIO DEANO NEAL,**     **PETITIONER**

v.     No. 2:05CV67-M-B

**JODY BRADLEY, ET AL.**     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Antonio Deano Neal for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved November 29, 2005, to dismiss the instant petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner has not responded, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed.

### Facts and Procedural Posture

Antonio Deano Neal was convicted of murder and aggravated assault in the Circuit Court of Bolivar County, Mississippi, and sentenced as a habitual offender to serve a term of life without parole for the murder conviction – and a consecutive term of twenty years without parole for the aggravated assault conviction – in the custody of the Mississippi Department of Corrections. The Mississippi Supreme Court affirmed the petitioner's convictions and sentences January 24, 2002. *Neal v. State,* 805 So. 2d 520 (Miss. 2002) (Cause No. 2000-KA-01291-SCT). Neal did not pursue a petition for writ of *certiorari* to the United States Supreme Court. On January 26, 2005, the petitioner filed with the Mississippi Supreme Court a "Motion to Expedite for Post Conviction" and an "Application to Proceed in the Trial Court." The application was denied February 23, 2005. Neal filed the instant federal petition for a writ of *habeas corpus*

March 21, 2005.

## One-Year Statute of Limitation

This case is governed by 28 U.S.C. § 2244(d), which provides:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires a petitioner's federal *habeas corpus* petition to be filed within one year of the date the petitioner's judgment of conviction becomes final. That limitations period may be tolled, however, while a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999).

The petitioner's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking *certiorari* review expired, ninety days after the state supreme court affirmed the petitioner's conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired." (citations omitted)). Thus, the petitioner's convictions became final on April 24, 2002 (January 24, 2002 + ninety days).

Under the mailbox rule, the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date he delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the petition was thus "filed" sometime between the date the petitioner signs it on March 18, 2005, and the date it was received and stamped as "filed" in the district court on March 21, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed on March 18, 2005 – 694 days after the April 24, 2003, filing deadline. As discussed below, the petitioner is not entitled to statutory or equitable tolling; therefore, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Tolling Under *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003)**

Many inmates seeking federal *habeas corpus* relief in this court have attempted to invoke *Egerton* to enjoy the benefit of equitable tolling – or statutory tolling under 28 U.S.C. § 2244(d)(1)(B). The rule adopted in *Egerton*, however, is extremely circumscribed. The

petitioner Neal, like many inmates before him, has attempted to expand *Egerton* to invoke equitable tolling in circumstances far beyond the narrow set to which it applies. *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003). He alleges the following facts to support his request to toll the one-year limitations period (with minor edits to improve readability):

> [The petitioner w]as confined in maximum security Unit 32 at the Mississippi State [Penitentiary] at Parchman[,] and there was no access to law library nor any information concerning time limitation[s] on federal petitions. I am enclosing a copy of the application just recently removed from M.D.O.C. circulation[ in] which we were instructed to complete and file in the District Courts[,] and it clearly does not state any time limitation [or] inform[ation concerning] a certain time frame in which to file a federal habeas corpus [petition].

The Fifth Circuit applies equitable tolling only "where the [petitioner] is actively misled by the [state] about the cause of action or is prevented in some extraordinary way from asserting his rights," *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996), or where a petitioner may have been misled by the court into believing that the limitations period was extended. As discussed below, however, the petitioner has not asserted "rare and exceptional circumstances" justifying the doctrine of equitable tolling, *Scott v. Johnson*, 227 F.3d at 263, and mere ignorance of the law by an incarcerated *pro se* prisoner does not justify tolling of the statute of limitations. *Alexander v. Cockrell*, 294 F.3d at 630 (citing *Fisher*).

*Egerton* does not depart from the Fifth Circuit's general rule; it merely recognizes a particular set of facts which prevented Mr. Egerton in an "extraordinary way from asserting his rights." *Rashidi*, 96 F.3d at 128. *Egerton* holds that the *complete absence* of the AEDPA (more precisely, the information regarding the one-year limitations period) within a prison facility, may be considered a state impediment to the petitioner's timely filing, triggering statutory or equitable tolling of the one-year federal limitations period. Mr. Egerton alleged that the facilities in which

-4-

he was held did not have a single copy of the AEDPA or any other information to put inmates on notice of the one-year limitations period for filing a federal petition for a writ of *habeas corpus*. The magistrate judge in *Egerton* invited the state of Texas to submit evidence that a copy of the AEDPA was available to Egerton at any of the facilities where he was held while the federal statute was running. The state, however, failed to provide any such proof. Thus, there was no evidence of record that Egerton ever had a chance to learn of the statute's existence during that time. In addition, Egerton was incarcerated prior to the passage of the AEDPA; thus he had no way of knowing of its existence prior to his incarceration – or after – if the facilities housing him did not have a copy. Thus, the old adage "ignorance of the law is no excuse" would have no application to Egerton, as he had no opportunity even to learn of the limitations period prior to its expiration. Although the Fifth Circuit did not use the phrase "due process," this constitutional right underpins Egerton's "ignorance of the law" argument. He did not fail to conduct research and discover the law; he simply never had the chance to do so during his one-year window under the AEDPA. This reasoning was the focus of the Fifth Circuit's analysis in *Egerton* – and leads to the unsurprising conclusion that federal courts in the Fifth Circuit do not require inmates in Egerton's position to be psychic in order to assert their rights.

In the present case, the petitioner states that he never knew about the one-year limitations period in federal *habeas corpus* cases until long after the period had expired. The record is clear, however, that the petitioner had more than ample opportunity to discover the one-year limitations period – but failed to act within that period. Unlike Mr. Egerton, the petitioner in this case – and all other inmates in the custody of the Mississippi Department of Corrections – have access to legal materials through the Inmate Legal Assistance Program. (*See* Affidavit of Gia N. McLeod,

Director of the Inmate Legal Assistance Program for the Mississippi Department of Corrections, attached to this memorandum opinion as Exhibit "A"). All inmates are provided with a handbook upon entry into the Mississippi Department of Corrections; the handbook sets forth, among other things, the operation of the Inmate Legal Assistance Program, what assistance is provided, and how to get help from the program. Inmates are issued a new handbook after each revision. They receive guidance from the Inmate Legal Assistance Program by submitting a request form. The request need not be specific; a general request seeking assistance will result in a conference to determine the stage of the case and the next step.

The petitioner's position in this case is thus markedly different from that of Egerton, who, without question, had no access to legal materials of any kind during his incarceration. For one thing, the petitioner requested and received information from the Inmate Legal Assistance Program. For another, 28 U.S.C. § 2244(d)(1), which contains the one-year statute of limitations at issue in this case, was available at the facility in which the petitioner was housed. The petitioner merely argues that the documents he requested (seeking information about state post-conviction remedies) failed to apprise him of the statute of limitations in his federal petition for a writ of *habeas corpus*.

The petitioner's allegations concerning the information he received during his time in the Mississippi State Penitentiary are, at best, disingenuous. The petitioner stated that he received no information regarding the federal statute of limitations for *habeas corpus* claims. The state's rebuttal evidence, however, shows overwhelmingly that the petitioner is wrong on this point. The state submitted the affidavit of Mr. Paul R. Pennington, Director of the Inmate Legal Assistance Program at the Mississippi State Penitentiary at Parchman, Mississippi, as well as

supporting documentation concerning the requests received by the Inmate Legal Assistance Program from the petitioner, and a copy of the first step post-conviction packet sent to inmates upon request.[1] The petitioner requested and received help from the Inmate Legal Assistance Program *forty-eight times* from September 25, 2000, to March 1, 2004. The petitioner requested and was sent a post-conviction packet *five times* September 25, 2000, February 25, 2002, July 1, 2002, August 15, 2003, and November 24, 2003.[2] Indeed, he requested and received three post-conviction packets well prior to the expiration of the federal limitations period. The post-conviction packet (approximately 140 pages) contains information regarding the state court post-conviction remedy (with supporting statutes) and "A Basic Explanation of the Appeals Process," which summarizes state court remedies as well as a brief overview of federal habeas, *including a discussion of the one-year statute of limitations period of the AEDPA*. The post-conviction packet is available to all inmates upon request. The petitioner also filed an inmate request form on November 24, 2003, seeking a Northern District 28 U.S.C. § 2254 *habeas corpus* form, which the respondents sent to him.

Clearly, the Inmate Legal Assistance Program was available to the petitioner to aid him in meeting any deadlines in his case. The petitioner needed only to request those services in a form and seek general information regarding how to challenge his conviction. No one denied the petitioner access to legal assistance. Indeed, the petitioner was aware of *habeas corpus* as an

---

[1] The affidavit of Paul R. Pennington is attached to this memorandum opinion as Exhibit "B."

[2] A copy of the first eight pages of the Mississippi Department of Corrections post-conviction packet is attached to this memorandum opinion as Exhibit "C;" the remaining pages (over 130) are annotated Mississippi statutes regarding post-conviction collateral relief.

avenue for relief (which put him on at least inquiry notice), and he should have been aware of the interplay between the state court post-conviction statute of limitations and the one-year statute of limitations for federal habeas – *as that information was discussed in detail in the post-conviction packet sent on multiple occasions to the petitioner by the Inmate Legal Assistance Program.* Thus, the petitioner may not benefit from statutory tolling under 28 U.S.C. § 2244(d)(1)(B) (the state-created impediment exception) or from equitable tolling for these claims.

For the reasons set forth above, all of the petitioner's grounds for relief shall be dismissed as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of September, 2006.

                                                          **/s/ Michael P. Mills**
                                                          **UNITED STATES DISTRICT JUDGE**